**United States Court of Appeals**

**Fifth Circuit**

**F I L E D**

**May 3, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 06-20439
(Summary Calendar)
_____


LEONARD FIRTH,

                                            Plaintiff-Appellee

versus

DON McGILL OF WEST HOUSTON, LTD.,
formerly known as DON McGILL TOYOTA, INC.,

                                            Defendant-Appellant

                    ---------------------
          Appeal from the United States District Court
               for the Southern District of Texas
                        (4:04-CV-659)
                    ---------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

      Defendant-Appellant Don McGill of West Houston, Ltd.
("McGill") appeals the adverse judgment entered against it and in
favor of Plaintiff-Appellee Leonard Firth following a jury trial in
which the jury unanimously held that McGill had retaliated against
Firth in violation of the Family and Medical Leave Act ("FMLA").[1]

------

      [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

      [1] 29 U.S.C. § 2611 et seq.

On appeal, McGill contends that, on the record, Firth failed to work the required 1250 hours per year to qualify as an "eligible employee" under the FMLA, and that the jury's award of damages was excessive because of Firth's failure to mitigate his damages, and because his position with the company had been eliminated. McGill makes these assertions in the wake of a five-day jury trial and makes no claims of trial error, whether evidentiary rulings, jury instructions, or the like. McGill complains that the record does not support the hours worked by Firth to qualify for employee status under the FMLA, yet McGill had the burden of proving such a failure by Firth and obviously failed to bear it. Similarly, McGill's complaints about mitigation of damages and elimination of Firth's pilot's position with the company hold no water in light of the totality of the record and the factual determinations by the jury.

Furthermore, the district court's post-trial disposition of the remaining issues, such as liquidated damages, reinstatement, front pay, interest, attorney's fees, and costs reveal no basis for disturbing the results of the case appealed from in this instance. In sum, we discern no reversible error whatsoever and conclude that the judgment and all related orders of the district court in this case should be, and in all respects are,

AFFIRMED.